**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Javier AVILA–AGUILAR, Defendant—**
**Appellant.**

**No. 10–30142.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2011.*

Filed March 10, 2011.

Ethan D. Knight, Assistant U.S. Attorney, Office of the U.S. Attorney, Leah K. Bolstad, Assistant U.S. Attorney, United States District Court, Portland, OR, for Plaintiff–Appellee.

Noel Grefenson, Noel Grefenson, P.C., Salem, OR, for Defendant–Appellant.

Before: D.W. NELSON, THOMAS, and GRABER, Circuit Judges.

See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Javier Avila–Aguilar appeals his conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and the sentence imposed by the district court. We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

I

Sufficient evidence existed to sustain the jury verdict. In examining a jury verdict for sufficiency of evidence, we view the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Nevils*, 598 F.3d 1158, 1163–65 (9th Cir.2010) (en banc). We then determine whether, given the evidence, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *Nevils*, 598 F.3d at 1163–65.

In this case, evidence presented to the jury tied Avila–Aguilar to the "stash house" through phone bills, receipts, birth certificates, false identifications, and personal photographs. Avila–Aguilar left that house, driving the car used in three previous drug sales, carrying five ounces of cocaine and large amounts of cash, and met a confidential informant in the spot specified for a drug transaction. When construed most favorably to the prosecution, the evidence was sufficient for a rational trier of fact to find guilt beyond a reasonable doubt.

II

We review a district court's sentence for reasonableness under an abuse-of-discre-

** This disposition is not appropriate for publication and is not precedent except as provid-

tion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Carty*, 520 F.3d 984, 988 (9th Cir.2008) (en banc). The district court did not abuse its discretion.

A district court does not commit procedural error by declining to compare federal and state sentences. *United States v. Ringgold*, 571 F.3d 948, 951 (9th Cir.2009). The record reflects that the district court listened to Avila–Aguilar's arguments and did not otherwise procedurally err. *Carty*, 520 F.3d at 995.

The district court accurately calculated the applicable advisory guideline range and selected a sentence within that range. The court explained that Avila–Aguilar was a repeat offender who refused to accept responsibility. The sentence was not substantively unreasonable.

**AFFIRMED.**